ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **HERNANDO SERVELLÓ CHÁVEZ, MARÍA T. JUANES TEIRA**<br><br>Recurridos<br><br>v.<br><br>**BELLA AUTO GROUP DEL SUR, L.L.C., DBA FLAGSHIP WOLKSWAGEN, UNIVERSAL INSURANCE COMPANY**<br><br>Peticionarios | KLCE202400912 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2022CV08028**<br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

Comparece ante nos Bella Auto Group del Sur, LLC h/n/c Flagship Volkswagen (Bella Auto Group) y Universal Insurance Company (Universal) (en conjunto, peticionaria) y nos solicitan, mediante el presente recurso de *Certiorari*, que revoquemos la *Orden*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 22 de julio de 2024. Mediante la aludida *Orden,* el foro primario declaró sin lugar la *Moción Solicitando se Ordene al Perito de la Parte Demandante Comparecer a Juicio de Manera Presencial,* presentada por la parte peticionaria.[2]

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto solicitado y devolvemos el caso al TPI para que continúen los procedimientos.

---

[1] Apéndice del Recurso de *Certiorari*, págs. 104-105. Notificada y archivada en autos el 22 de julio de 2024.
[2] *Íd.,* Apéndice del Recurso de *Certiorari,* págs. 70-72.

**I**

El 7 de septiembre de 2022 el señor Hernando Servelló Chávez (señor Servelló Chávez) y la señora María T. Juanes Teira (señora Juanes Teira) (en conjunto, demandantes) presentaron una *Demanda*[3] en incumplimiento de contrato y daños y perjuicios contra Bella Auto Group y Universal. En apretada síntesis, la parte demandante alegó que el 4 de agosto de 2021, mientras transitaba la Ave. Américo Miranda, decidió realizar una vuelta en "U" porque la avenida se encontraba inundada. Al realizar la referida vuelta, la parte demandante expresó que su vehículo Volkswagen Tiguan 2021, de tablilla JPR342, se le apagó el motor. Debido a esto, la parte demandante tuvo que transportar su vehículo en grúa al concesionario de Flagship Volkswagen de Bayamón. Estos le informaron que la reparación tomaría aproximádamente de cuatro a seis semanas. Así las cosas, y luego de iniciar el proceso de reclamación con Universal, el 25 de febrero de 2022 se comunicó con la parte demandante Bella Auto Group, para notificarle que su vehículo estaba arreglado. La parte demandante alegó que el 16 de mayo de 2022 el inspector de Universal visitó el concesionario y halló sulfatación en la cablería del vehículo, por lo que, el 27 de mayo de 2022 declaró la unidad "pérdida total".

En respuesta, el 17 de noviembre de 2022 Bella Auto Group presentó su *Contestación a Demanda*.[4] En el aludido escrito, negó los hechos expuestos por la parte demandante y levantó sus defensas afirmativas. Por otro lado, el 23 de noviembre de 2022 Universal presentó *Contestación a Demanda*[5], en la cual presentó sus alegaciones responsivas pertinentes.

---

[3] Apéndice del Recurso de *Certiorari*, págs. 1-15.
[4] Apéndice del Recurso de *Certiorari*, págs. 16-20.
[5] Apéndice del Recurso de *Certiorari*, págs. 21-24.

El 7 de marzo de 2023, ambas partes presentaron un *Formulario de Informe para el Manejo del Caso*.[6] En el referido formulario, la parte demandante indicó que se proponía utilizar como perito psiquiátrico al Doctor Gastón Ricci.

Por su parte, el 11 de julio de 2023 Universal presentó una *Moción In Limine o Urgente Solicitud de Término*.[7] En síntesis, solicitó que se eliminara la prueba pericial anunciada por la parte demandante, toda vez que el perito anunciado era de Uruguay, lo que provocaría que el proceso fuera uno muy oneroso para todas las partes. De igual forma, arguyó que esto afectaría su derecho de confrontar el testimonio del perito de manera presencial.

El mismo día, la parte demandante presentó su *Oposición a "Moción In Limine o Urgente Solicitud de Término"*.[8] En esencia, arguyó que la ciencia es un tema universal y la presentación de prueba pericial es parte de su debido proceso de ley. En adición, presentó una *Moción Suplementando Oposición a Moción [I]n Limine*[9] en la cual esbozó algunos puntos a favor de que se permitiera el testimonio pericial del Doctor Gastón Ricci.

Luego de celebrada una vista el 12 de julio de 2023[10], el foro sentenciador emitió una *Resolución*[11] el 4 de agosto de 2023, en la que declaró No Ha Lugar a la *Moción In Limine o Urgente Solicitud de Término*[12] permitiendo que la parte demandante utilice el testimonio pericial del Doctor Gastón Ricci. En esencia, el foro primario razonó que el perito estaría sujeto a un eventual *voir dire* y se aquilataría su testimonio e informe.

Luego de varios trámites procesales, el 8 de abril de 2024 la parte demandada presentó una *Moción Solicitando se Ordene al*

---

[6] Apéndice del Recurso de *Certiorari*, págs. 25-29.
[7] Apéndice del Recurso de *Certiorari*, págs. 29-31.
[8] Apéndice del Recurso de *Certiorari*, págs. 32-36.
[9] Apéndice del Recurso de *Certiorari*, págs. 37-38.
[10] Véase, Apéndice del Recurso de *Certiorari*, págs. 39-43.
[11] Apéndice del Recurso de *Certiorari*, págs. 44-45.
[12] Véase, nota al calce número 7.

*Perito de la Parte Demandante Comparecer a Juicio de Manera Presencial.*[13] En el antedicho escrito, alegaron que no renunciaban a su derecho al careo y la confrontación al perito Doctor Gastón Ricci. De igual forma, arguyeron que la parte demandante pretendía presentar el testimonio de un perito que no estaba acreditado en nuestra jurisdicción, sin garantías que aseguren su credibilidad y confiabilidad inmediata, por lo que solicitaron al foro primario que el testimonio del Doctor Gastón Ricci sea realizado de manera presencial.

En respuesta, la parte demandante presentó el 29 de abril de 2024 su *Oposición a Moción Solicitando se* Ordene *al Perito de la Parte Demandante Comparecer a Juicio de Manera Presencial.*[14]

Así las cosas, el 22 de julio de 2024 el Tribunal de Primera Instancia emitió una *Resolución*[15] declarando sin Lugar a la *Moción Solicitando se Ordene al Perito de la Parte Demandante Comparecer a Juicio de Manera Presencial.*[16] En esencia, el foro sentenciador razonó que:

> La celebración de los juicios de manera híbrida para evitar gastos innecesarios es un tema de acceso a la justicia y un corolario de la Regla 1 de Procedimiento Civil. Las Demandadas no han traído a la atención del tribunal fundamentos específicos y concretos por los cuales se deba requerir a las parte[s] Demandantes que incurra gastos atribuibles a la comparecencia presencial de su perito en el juicio.

Inconforme, el 21 de agosto de 2024, la parte peticionaria acudió ante nos mediante el presente recurso de *Certiorari* y nos señala como único error:

> **EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL PERMITIR QUE EL TESTIGO PERICIAL DE LA PARTE RECURRIDA, DR. GASTÓN E. RICCI G[Ó]MEZ, COMPAREZCA Y PRESTE TESTIMONIO DURANTE EL JUICIO DE MANERA VIRTUAL, A PESAR DE NO EXISTIR LAS CONDICIONES**

---

[13] Apéndice del Recurso de *Certiorari*, págs. 70-72.
[14] Apéndice del Recurso de *Certiorari*, págs. 73-74.
[15] Apéndice del Recurso de *Certiorari*, págs. 104-105. Notificada y archivada en autos el 22 de julio de 2024.
[16] Apéndice del Recurso de *Certiorari*, págs. 70-72.

**EXCEPCIONALES QUE LA JURISPRUDENCIA HA PREVISTO PARA ASÍ AUTORIZARLO.**

El 13 de septiembre de 2024, la pate recurrida presentó su *Oposición a Expedición de Auto de Certiorari.*

Contando con la comparecencia de ambas partes, procedemos a resolver.

## II

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de *certiorari,* el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari,* no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**III**

Luego de evaluar los criterios de la Regla 52.1 de Procedimiento Civil, *supra,* y de la Regla 40 de este Tribunal, *supra,* concluimos, al igual que hizo el TPI, que procedía denegar la *Moción Solicitando se Ordene al Perito de la Parte Demandante Comparecer a Juicio de Manera Presencial,* pues la parte peticionaria podrá realizar, en su día en juicio, un *voir dire* al perito Doctor Gastón Ricci. De igual forma, el realizar una vista en modalidad híbrida no lesiona el derecho a la confrontación de dicha parte. Al no ver razón para ejercer nuestra discreción, denegamos expedir el auto.

**IV**

Por las razones discutidas, denegamos expedir el *Recurso* solicitado. Devolvemos el caso al TPI para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones